# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 09-116 |
| v. | : | |
| ANTHONY BERRY | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                **August 11, 2021**

Moving for a reduction of sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), Anthony Berry, a prisoner at FCI Schuylkill, contends that his age and serious health conditions in light of the COVID-19 pandemic constitute extraordinary and compelling reasons warranting a reduction of his sentence.[1] Berry claims that he is rehabilitated, citing the numerous rehabilitation and education programs he has completed during his 11 years in prison.[2] Although the government concedes that Berry presents a serious medical condition placing him at greater risk for severe illness or death from COVID-19, it argues that the pandemic and his compromised health do not support a reduction in sentence because Berry is fully vaccinated and he poses a danger to the community due to the seriousness and violence of his offense.[3]

Berry pled guilty to one count of Hobbs Act robbery and one count of carrying and using a firearm during a crime of violence.[4] He had two prior federal convictions for armed robberies and prior state convictions for robbery, simple assault, resisting arrest, burglary

---

[1] Def.'s Em. App. for Mod. of Sent. at 1 (ECF No. 46).

[2] *Id*. at 13.

[3] Govt. Resp. in Opp. to Def.'s Mot. to Red. Sent. at 12-14 (ECF No. 45); Govt. Supp. Resp. in Opp. to Def.'s Mot. to Red. Sent. at 1-2 (ECF No. 51).

[4] Def.'s Em. App. at 1.

and intimidation of a witness.[5] His total offense level was 23 and his criminal history was category IV. The guideline range was 190 to 207 months. He was sentenced to 135 months, consisting of a mandatory 120 months consecutive to 15 months.

Berry is 56 years old and suffers from several serious medical conditions, including type II diabetes and high cholesterol.[6] He has only one kidney.[7] In February 2021, he contracted COVID-19 and recovered.[8]

Berry is fully vaccinated against COVID-19. He received the first dose of the Pfizer vaccine on March 30, 2021, and the second dose on April 20, 2021.[9]

Because Berry has received full vaccination for COVID-19, we find that the circumstances of the pandemic together with his medical conditions do not constitute an extraordinary and compelling reason warranting release. Therefore, we shall deny his motion for a sentence reduction under the compassionate release statute.

## Discussion

A court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if it first finds that extraordinary and compelling reasons warrant a reduction and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Before ordering the release of a prisoner, the court must determine that he is not a danger to the safety of others or the community. 18 U.S.C. § 3142(g).

---

[5] Govt. Resp. at 13.

[6] Def.'s Em. App. at 10.

[7] *Id*.

[8] Govt. Supp. Resp. at 1.

[9] *Id*. at 2.

Congress did not define what constitutes an extraordinary and compelling reason, leaving it to the Sentencing Commission to do so. In its policy statement and commentary addressing Section 3582(c)(1)(A), the Sentencing Commission set forth three specific extraordinary and compelling reasons. U.S.S.G. § 1B1.13, cmt. n. 1. Application Notes 1(A) through 1(C) detail qualifying medical, age and family circumstances. Pertinent to Berry, Application Note 1(A) provides that a defendant may receive a sentence reduction if he is suffering from a terminal illness or a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the defendant's ability to provide self-care in prison and from which he is not expected to recover. U.S.S.G. § 1B1.13 cmt. n.1(A). It is undisputed that Berry's conditions do not satisfy the requirements of Application Note 1(A).

Making it clear that these were not the only reasons that may be considered extraordinary and compelling, the Sentencing Commission added an "other reasons" category that provides that a reduction may be warranted by an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). At the same time, it delegated the Bureau of Prisons ("BOP") Director to define what "other reasons" qualify under subdivision 1(D). *Id*.

We have held in other cases that a court has the authority and responsibility to determine what is an extraordinary and compelling reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[10] We have also determined that the COVID-19 virus and its

---

[10] *See U.S. v. Babbitt*, 496 F. Supp. 3d 903 (E.D. Pa. 2020); *U.S. v. Spencer*, No. 15-562, 2021 WL 565388 (E.D. Pa. Feb. 12, 2021); *U.S. v. Randall*, No. 08-8, 2021 WL 922077 (E.D. Pa. Mar. 11, 2021);

impact on the prison population in a particular case may warrant relief under Section 3582(c)(1)(A).[11] Thus, we consider Berry's motion on the merits.

To determine whether extraordinary and compelling reasons exist in an individual case, we consider the circumstances of the COVID-19 pandemic, the defendant's health conditions, the defendant's age, the risk of contracting COVID-19 at the defendant's facility and whether the defendant has been vaccinated. None of these reasons alone is an extraordinary or compelling reason. Health complications without the risk of COVID-19 at a particular institution do not warrant release in every case. Similarly, the fact that a facility may have confirmed cases of COVID-19 does not justify release if the defendant is not at risk due to age or other medical conditions, or if the defendant is fully vaccinated. However, a combination of these circumstances may rise to the level of "extraordinary and compelling." Hence, each case must be determined by the facts unique to the defendant.

There are three vaccines against COVID-19, produced by Pfizer-BioNTech, Moderna and Johnson & Johnson, approved for emergency use in the United States.[12] Clinical trials of the Pfizer vaccine reported that it was up to 95% effective at preventing symptomatic COVID-19 across a number of variables, including age, gender, race, ethnicity, body mass index and other medical conditions.[13] In clinical trials, the vaccine

---

*U.S. v. Avery*, No. 04-243, 2021 WL 949482 (E.D. Pa. Mar. 12, 2021); *U.S. v. Medina*, No. 15-554 (E.D. Pa. Apr. 22, 2021).

[11] *See Babbitt*, 496 F. Supp. 3d; *Spencer*, 2021 WL 565388; *Medina*, No. 15-554.

[12] "COVID-19 Vaccines," U.S. Food & Drug Administration, https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/covid-19-vaccines.

[13] Katella, Kathy, "Comparing the COVID-19 Vaccines: How Are They Different?" Yale Medicine (July 22, 2021), https://www.yalemedicine.org/news/covid-19-vaccine-comparison.

was 100% effective in preventing severe disease.[14] Clinical trials for Moderna showed an efficacy rate of 94.1% against preventing symptomatic infection, although the rate dropped to 86.4% for people aged 65 and older.[15]

Both Pfizer and Moderna require two separate doses, several weeks apart, to be fully effective.[16] The Johnson & Johnson vaccine only requires one dose and has been shown to have an 86% efficacy against severe illness and a 72% efficacy overall.[17] Serious side effects such as heart inflammation and blood clots have been reported in rare cases.[18]

As of August 9, 2021, more than 4 billion vaccine doses have been administered worldwide.[19] Based on the current available data, the vaccines appear to be effective against the COVID-19 variants detected in different regions around the world.[20] A study by the National Institute of Health on the impact of the two-dose vaccines concluded that "[v]accination markedly reduced adverse outcomes," with hospitalizations decreasing by 63.5%, intensive care unit hospitalizations decreasing by 65.6% and deaths decreasing by 69.3%.[21]

---

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] "WHO Coronavirus Disease (COVID-19) Dashboard," World Health Organization, https://covid19.who.int/ (updated daily).

[20] Katella, *supra* note 13; "About Variants of the Virus that Causes COVID-19," Centers for Disease Control and Prevention (June 28, 2021), https://www.cdc.gov/coronavirus/2019-ncov/variants/variant.html.

[21] Moghadas, Seyed M. et al., "The impact of vaccination on COVID-19 outbreaks in the United States," Clin. Infect. Dis. (Jan. 30, 2021), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7929033/.

Since the vaccines have become available, the BOP has administrated over 208,000 doses to incarcerated individuals and staff.[22] As of May 2021, over half of the prisoners incarcerated in the federal and state systems are vaccinated.[23]

Berry is fully vaccinated against COVID-19, having received both doses of the Pfizer vaccine. Although he suffers from medical conditions making him more vulnerable to serious illness or death from COVID-19, the risks posed to Berry's health are minimal. His vaccination status provides sufficient protection against the risks. Moreover, Berry is housed at FCI Schuylkill, which has no reported cases among inmates or staff.[24] More than half of the inmates at FCI Schuylkill are fully vaccinated.[25] Therefore, these circumstances do not present an extraordinary or compelling reason justifying compassionate release.[26]

---

[22] Federal Bureau of Prisons, "COVID-19 Coronavirus" (updated daily), https://bit.ly/2SOsQpe.

[23] Herring, Tiana and Emily Widra, "Just over half of incarcerated people are vaccinated, despite being locked in COVID-19 epicenters," Prison Policy Initiative (May 18, 2021), https://www.prisonpolicy.org/blog/2021/05/18/vaccinationrates/.

[24] "COVID-19 Coronavirus," *supra* note 22.

[25] *Id.*; Federal Bureau of Prisons, "FCI Schuylkill," https://www.bop.gov/locations/institutions/sch/.

[26] Our reasoning is consistent with that of numerous other courts in the Third Circuit that have denied compassionate release motions brought by vaccinated defendants. *See, e.g., United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021) ("Now that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions generally lack merit."); *United States v. Hannigan*, 2021 WL 1599707, at *5-6 (E.D. Pa. Apr. 22, 2021) ("Other courts in the Third Circuit have agreed that the protection provided by an authorized COVID-19 vaccination reduces the risk of serious illness from COVID-19 to such a degree that the threat of the pandemic alone cannot present an extraordinary and compelling reason for compassionate release.") (citing cases); *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) ("The risk posed to an inoculated Mr. Roper is not an extraordinary and compelling reason for his release."); *United States v. Jones*, 2021 WL 1561959, at *1 (E.D. Pa. Apr. 21, 2021) ("[A]s of now, the available data confirms the extreme effectiveness of the vaccines."); *United States v. Peterson*, 2021 WL 2156398, at *2 (E.D. Pa. May 27, 2021) ("Given the significant protection the [Johnson and Johnson] vaccine offers and the declining rates of COVID-19 infections in prisons, we (like many other courts) do not find that Mr. Peterson has presented extraordinary and compelling circumstances at this time."); *United States v. Kamara*, 2021 WL 2137589 (E.D. Pa. May 26, 2021).
Because we conclude that there is no extraordinary or compelling reason to grant compassionate release, we do not reach the issue of whether Berry is a danger to the safety of others or the community.

**Conclusion**

The circumstances of the COVID-19 pandemic together with his age and health conditions do not constitute extraordinary and compelling reasons to grant Berry a sentence reduction. He is no longer at risk of severe illness or death while continuing to serve his sentence at FCI Schuylkill. Therefore, we shall deny Berry's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).